In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3377

Shirley A. Lang, et al.,

Plaintiffs-Appellants,

v.

Kohl's Food Stores, Inc., et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 98-C-351-C--Barbara B. Crabb, Judge.

Argued April 7, 2000--Decided June 22, 2000

Before Bauer, Easterbrook, and Rovner, Circuit Judges.

Easterbrook, Circuit Judge.  Kohl's Food Stores, a grocery chain in Wisconsin, operates under collective bargaining agreements that establish wage classifications. Jobs in the bakery and deli departments fall into one classification, jobs in the produce department another. Two facts give rise to this litigation: pay in the produce department is higher, and workers are not distributed uniformly by sex. Most bakery and deli workers are women, while most produce workers are men. Plaintiffs, a class of women who work in the deli and bakery departments, contend that the difference violates both the Equal Pay Act, 29 U.S.C. sec.206(d), and Title VII of the Civil Rights Act of 1964. Kohl's replies that plaintiffs are short-sighted: employees in the produce department are included within a pay category called "regular clerks," most of whom are female. That most regular clerks in the produce department are men does not undercut the fact that most regular clerks store-wide are women, Kohl's insists. The employer adds that women who want to be regular clerks in or out of the produce department do not face any

discrimination in hiring or transfer. None of the class representatives applied for transfer to the produce department or another regular-clerk position; instead they want higher pay for their existing work. The ratio of wages between "department clerks" (the jobs plaintiffs occupy) and "regular clerks," Kohl's insists, is a subject for collective bargaining rather than for litigation.

After allowing the parties to conduct extensive discovery, the district court granted summary judgment for Kohl's on the Title VII claim. The judge exhaustively analyzed the duties of bakery, deli, and produce workers and concluded that plaintiffs could not demonstrate that Kohl's explanation for placing produce positions in the "regular clerk" classification was a pretext for sex discrimination. (The class includes supervisors and argues that bakery and deli managers do the same work as produce managers. Because the supervisors' arguments track those of the clerks, we use "clerks" as a generic term to simplify exposition.) Kohl's insisted that produce workers exercise greater discretion in displaying and culling produce and that produce jobs also are physically harder than bakery or deli jobs. The district judge concluded: "Plaintiffs have produced no persuasive evidence suggesting that defendants did not honestly believe this justification or that it is a cover for discrimination." Honest belief is not enough under the Equal Pay Act, however, because that statute (unlike Title VII) does not require intent to discriminate. Section 206(d)(1) provides:

No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]

The district judge concluded that two questions under this statute could be resolved only by trial: whether the positions in question are "jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions" and, if so, whether the pay differential nonetheless is "based on any other factor other than sex". A trial culminated in a special verdict that answered the equal-work question in the negative; the jury then did not address the "factor other than sex" defense.

A substantial portion of plaintiffs' appellate brief is devoted to contending that the district judge should not have granted summary judgment on the Title VII theory. Yet it is hard to see how this can matter, given the jury's verdict on the Equal Pay Act theory. If (as the jury determined) the bakery, deli, and produce jobs are not substantially equal, then plaintiffs can't show sex discrimination. Title VII does not require equal wages for comparable work, see American Nurses' Association v. Illinois, 783 F.2d 716 (7th Cir. 1986), or even for identical work. Identical jobs with different wages do not violate Title VII, provided that all employees may freely select which job to perform. Plaintiffs' Title VII claim thus is untenable--no matter the validity of the jury's special verdict, which we address below--unless Kohl's discriminated when hiring for the different classifications.

Plaintiffs make much of evidence that until the late 1960s Kohl's not only discouraged women from applying for certain positions but also had sex-segregated wage classifications. This practice is long gone, and no vestige of the discrimination survives. Wage schedules were merged 31 years ago, and, unlike the situation in Bazemore v. Friday, 478 U.S. 385 (1986), women hired during the discriminatory period today receive the same wages as men hired at the same time. What remains is the possibility that Kohl's steered applicants by sex or selectively offered them transfer opportunities. Loyd v. Phillips Brothers, Inc., 25 F.3d 518, 524-25 (7th Cir. 1994). Neither the plaintiffs' charge of discrimination filed with the Equal Employment Opportunity Commission nor their

arguments to the district court contended that Kohl's today steers women to bakery and deli jobs, or did so at any time within the period of limitations. Plaintiffs disavow a steering claim but contend that Kohl's history is informative on the wage-discrimination claim. The district judge did not see how; neither do we.

Claims under the Equal Pay Act differ from comparable-worth arguments because proof that the two jobs are of the same (or comparable) value to the employer or society as a whole, or depend on similar effort or education, gets the plaintiff nowhere. To succeed under the Equal Pay Act the plaintiff must establish that the positions entail substantially equal tasks, performed under similar conditions. (The Act just says "equal," but it is common ground that "equal" does not mean "identical"; otherwise the employer could defeat an Equal Pay Act suit by adding an inconsequential and pointless chore to one of the jobs. Opinions commonly use the formula "substantially equal" to express the idea that trivial differences do not matter. See Fallon v. Illinois, 882 F.2d 1206, 1208 (7th Cir. 1989); Epstein v. Secretary of the Treasury, 739 F.2d 274, 277 (7th Cir. 1984). We follow that convention.) Kohl's provided the jury with plenty of evidence that tasks in the produce department differ substantially from those performed by bakery and deli workers. Produce workers do more heavy lifting and must exercise judgment about (for example) which fruit is ripe, which should be marked down, and how the produce should be displayed to maximize sales. Bakery and deli workers, by contrast, stock displays according to more mechanical specifications and use printed expiration dates rather than judgment to determine when inventory should be rotated or removed. Although a rational jury might have disbelieved this evidence or concluded that the differences are too slight to matter, and thus returned a verdict in plaintiffs' favor, a verdict for Kohl's is invulnerable unless spoiled by trial error.

Plaintiffs contend that the exclusion of their expert witness is such an error. Howard Risher, a self-employed consultant with a Ph.D. in labor relations and

economics, who teaches an undergraduate course on human resources as an adjunct professor at the University of Pennsylvania, prepared a report reaching conclusions favorable to plaintiffs. Stripped of self-congratulatory dross, this report is three pages long and consists of a list of clerks' duties and an unreasoned assertion that all three departments' positions are "virtually identical in terms of their basic function and are substantially equal in terms of skill, effort, responsibility and working conditions." The only support for this conclusion, however, is the list, with entries such as "[p]reparing products for display" and "[m]aintaining equipment". Risher did not analyze what the clerks do to achieve these objectives, and the district court concluded that a list plus a bald assertion would not assist the trier of fact. Fed. R. Evid. 702. Risher's deposition was as skeletal as his report; asked how employees at Kohl's carry out their duties, Risher replied only with variants on "I couldn't tell you" and "I have no idea". Apparently Risher thinks that job descriptions trump actual tasks, a sorry misunderstanding of the Equal Pay Act. See Soto v. Adams Elevator Equipment Co., 941 F.2d 543, 548 (7th Cir. 1991); Fallon, 882 F.2d at 1208. The district judge's decision to prevent Risher from testifying, far from being an abuse of discretion, see General Electric Co. v. Joiner, 522 U.S. 136 (1997), was absolutely correct. Many times we have emphasized that experts' work is admissible only to the extent it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff--deploying neither data nor analysis--is not an acceptable methodology. See, e.g., McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 657-58 (7th Cir. 1998); Mid-State Fertilizer Co. v. Exchange National Bank, 877 F.2d 1333, 1339 (7th Cir. 1989).

Risher also prepared a supplemental report, based on his discussion with eight bakery or deli workers in a "focus group." This report did little more than parrot these women's belief that bakery and deli duties require as much skill as produce duties. Relaying the plaintiffs' likely testimony is not an example of expertise. Huey v. United Parcel Service, Inc., 165 F.3d 1084, 1086-87 (7th Cir.

1999). The report's final paragraph, however, says that Risher "used the Willis job evaluation system to confirm that the jobs would be evaluated the same in each department" and concluded that "the jobs would be evaluated exactly the same". Risher does not explain how the "Willis job evaluation system" works (or cite published literature providing that background), what data he used as inputs, or what outputs were obtained. Charts attached to the report are unintelligible without explanation, and Risher provided none. Readers must take everything on faith, and that alone would be good reason to exclude Risher's conclusion. See Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). The few references to the Willis system in the legal literature suggest that it is designed to identify comparable worth, rather than substantially equal tasks. See AFSCME v. Washington, 770 F.2d 1401, 1403, 1406, 1408 (9th Cir. 1985) (Kennedy, J.) (holding, on this ground, that Willis evaluations are unavailing). All plaintiffs do in response is assert that the Willis system is "a recognized job evaluation system" that is "widely used by businesses"--which does nothing to fill in the blanks of Risher's report or demonstrate that the Willis inquiry was relevant to this litigation.

   Plaintiffs challenge a second evidentiary decision, which the parties call the "outlier ruling." Kohl's operates stores throughout Wisconsin. Some are much larger than others, and size affects not only the number of employees in each department but also the tasks to be done. Plaintiffs sought to compare the busiest bakery and deli jobs with the lightest produce jobs; Kohl's naturally would have preferred the converse. But the judge instructed both sides to compare the tasks of median jobs rather than the outliers at the largest and smallest stores. Plaintiffs contend that this ruling prevented them from showing that some bakery and deli jobs are substantially equal (in lifting, responsibility, and so on) to some produce jobs, indeed are more taxing than some produce jobs. As plaintiffs see things, the Equal Pay Act requires a person-by-person comparison rather than a categorical one.

   To the extent plaintiffs rely on the

proposition that employers cannot make up arbitrary categories and insist that these be the basis of comparison, they get no quarrel from us (or from the district judge). See Thompson v. Sawyer, 678 F.2d 257, 274-75 (D.C. Cir. 1982). But Kohl's did not make up the "department clerk" and "regular clerk" categories for this litigation, nor did it unilaterally decide to use the same wage scale throughout the state; the classifications and wages are the result of collective bargaining. Labor agreements frequently apply to all of an employer's sites, and these agreements are "factor[s] other than sex" that explain why the pay is identical at large and small stores even though the tasks differ. If all plaintiffs have to go on is the difference across stores, then they have nothing, for this variation in the ratio between pay and the difficulty of employees' tasks is so obviously unrelated to sex that Kohl's would have been entitled to summary judgment under sec.206(d)(1)(iv). To get anywhere, plaintiffs had to make a categorical comparison between "department clerk" positions and "regular clerk" positions. Class treatment is appropriate only if there are common issues of fact--that is, only if it is possible to compare all "department clerk" positions in bakery and deli departments with all "regular clerk" positions in produce departments. The district court's outlier ruling ensured that the premise of class certification (granted at plaintiffs' behest) would not be subverted. It was not an abuse of discretion.

   Two challenges to the jury instructions require only brief mention.

   First, the instructions told the jury that it must determine whether the positions are "substantially the same" rather than "substantially equal." Plaintiffs express concern that the jury would treat "same" as equivalent to "identical," which these positions concededly were not. But using the word "equal" could lead to the same (an equal?) misunderstanding. Modifying either word with "substantially" overcomes the problem. The phrases "substantially the same" and "substantially equal" are substantially identical. The special interrogatory forms told the jury to determine whether

the positions were "substantially the same," and the district judge sensibly tracked that language in the instructions; otherwise the jury could have been confused by a difference between the instructions and the verdict forms.

Second, plaintiffs contend that the judge erred by telling the jury that documentary evidence such as position descriptions and training manuals--evidence that plaintiffs contend shows that bakery, deli, and produce positions have the same tasks--"could not be considered." An instruction saying this would indeed be erroneous, for an employer's manuals and descriptions are relevant to the question what the positions actually entail. But plaintiffs do not identify the supposedly erroneous instruction, and we could not find one that tells the jury not to "consider" paper evidence. What the judge actually told the jury is that a decision should not be "based upon job titles or job descriptions" but instead depends on "actual job duties and performance requirements." That instruction was absolutely correct. Training manuals and the like were relevant only to the extent they accurately described the actual job duties.

Last but not least is plaintiffs' contention that the district judge erred in informing the jury that the eeoc had found in Kohl's favor on plaintiffs' charge of discrimination under the Equal Pay Act. Before trial the district judge granted a motion in limine barring Kohl's from informing the jury about the eeoc's decision, but the judge changed her mind after plaintiffs' counsel told the jury that Kohl's agreed "under pressure of this lawsuit" to reduce the pay differential among the departments. Kohl's replied that the "pressure" came from its unions in collective bargaining, not from the suit; to add oomph to this assertion Kohl's wanted to inform the jury that the eeoc took a dim view of plaintiffs' chances. If even the eeoc did not support plaintiffs, Kohl's sought to argue, then the "pressure of this lawsuit" could not have made a difference. This led the district judge to inform the jury about the eeoc's conclusion, in this language:

At the time of the 1998 collective bargaining negotiations Kohl's had a determination from the Equal Employment Opportunity Commission that it had not discriminated against bakery and deli managers and clerks on the basis of their pay. At plaintiffs' request that the determination by the Equal Employment Opportunity Commission be reconsidered, the eeoc rescinded its determination. Before any redetermination had issued, plaintiffs' attorney decided to proceed with this lawsuit and therefore no determination was ever issued thereafter by the Equal Employment Opportunity Commission.

By asserting that the "pressure of this lawsuit" led to a change, plaintiffs' counsel implied that the suit had merit—and that Kohl's knew that it had merit. Kohl's was entitled to counteract this implication, the district judge thought, by showing that what Kohl's knew implied that it would prevail on the merits.

Many decisions by the eeoc are superficial, little more than precursors to right-to-sue letters. But this one was more thorough. Here is the Commission's own description:

Our equal payment investigation considered whether or not the actual job duties of the deli and bakery manager positions and the deli and bakery clerk positions were substantially equal with respect to skill, effort, responsibility, and working conditions as those of the produce manager and produce clerk positions. To that end, detailed equal pay interviews were conducted with various incumbents of the produce manager and produce clerk positions. These interviews reflected that the produce jobs were dirtier, required more physical lifting of greater weight, more items with greater frequency than the deli and bakery jobs. Moreover, the produce areas are significantly larger than the deli and bakery areas in terms of physical square footage. There are far more items in produce than in deli and bakery and produce accounts for a greater percentage of store sales, i.e., higher sales volume. Produce employees are frequently called upon to help out in other areas of the store stocking the dairy case, retrieving the carts, et cetera. As a result, our investigation concluded that

the jobs in question did not meet the required equal pay test and that they are not substantially equal with respect to effort, responsibility, skill or working conditions.

It is understandable that plaintiffs wanted to keep this damning passage from the jury's eyes, and they succeeded. The jury never learned the reasoning behind the eeoc's decision. Why plaintiffs' counsel, having secured a ruling excluding even a mention of the eeoc's bottom line, then opened the door is a mystery. Still, plaintiffs say, the jury should not have been told about the eeoc's conclusion because, by the time Kohl's agreed to reduce the pay differential to 5% per hour, the eeoc had rescinded its conclusion, so that the report did not counteract the inference for which counsel argued.

After receiving the eeoc's report (and the accompanying right-to-sue letter) in September 1997, plaintiffs asked the eeoc to reconsider. In December 1997 the eeoc's District Director withdrew both the conclusion and the right-to-sue letter pending further review. See 29 C.F.R. sec.1601.19(b). Before the eeoc could do any further investigation, plaintiffs asked for a new right-to-sue letter, which the eeoc was obliged to issue forthwith. 29 C.F.R. sec.1601.28. Once it sent the right-to-sue letter, the eeoc called off its investigation and neither reissued the original report nor prepared a new one. The upshot was that, when plaintiffs filed their suit, there was no outstanding adverse decision by the eeoc. When she told the jury about the eeoc's conclusion, the district judge was under the impression that the negotiations to which plaintiffs' counsel referred took place before the District Director's order in December 1997. On learning that this was not so, the judge did not instruct the jurors to disregard the report (a direction that would have been futile in any event, sort of like telling the jurors that for the remainder of the trial none of them was allowed to say the word "rhinoceros" to himself).
Was there a significant chance that the jury would misunderstand the significance of the eeoc's decision, and the purpose for which it had been used--a chance so large that it requires reversal even under the deferential standard used to

review a district judge's application of Fed. R. Evid. 403? We think not. Confusion over timing is regrettable, but the judge can't be blamed for the error in the opening passage of the instruction ("At the time of the 1998 collective bargaining negotiations Kohl's had a determination" . . .). That language had been drafted by the parties; the judge used it because the parties agreed on it. Plaintiffs deny that they "stipulated" to the language, but no matter; they did not object to it, and that is that. Fed. R. Civ. P. 51.

Because plaintiffs sought to persuade the jury that Kohl's recognized its culpability, Kohl's was entitled to rebut this contention using the best available evidence: a decision by the eeoc that the positions were not substantially equal. See Paolitto v. John Brown E.&C., Inc., 151 F.3d 60, 65-66 (2d Cir. 1998). Decisions by public bodies do not vanish into thin air or become un-documents when parties ask for reconsideration or settle their differences. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994); In re Memorial Hospital of Iowa County, Inc., 862 F.2d 1299 (7th Cir. 1988). When negotiating with the unions, Kohl's knew the eeoc's view, which had been withdrawn as a result of plaintiffs' strategy but had not been disclaimed as erroneous. The 1998 negotiations occurred against a background that included the eeoc's support of Kohl's position, and this was relevant to the strength of the inference that Kohl's and the unions acted under the "pressure of this lawsuit" as plaintiffs asserted.

Doubtless there was a risk that the jury would overestimate the significance of the eeoc's ruling; this is why such conclusions generally are not admitted (on behalf of either side) in jury trials. See Lathem v. Department of Children and Youth Services, 172 F.3d 786, 791 (11th Cir. 1999). Plaintiffs note that the jury asked a question about the report during deliberations, implying that the eeoc's view assumed unusual significance. By opening the door to disclosure, however, plaintiffs took that risk; they could not argue as they did and then defang the best response. See United States v. McAnderson, 914 F.2d 934, 946 (7th Cir. 1990). Nor can they

avoid the consequence of their opening statement by contending on appeal (as they do) that "[w]hy Kohl's narrowed the gap in late 1998 is entirely peripheral" (emphasis in original). That may be, but it was plaintiffs who injected this subject into the case and entitled Kohl's to supply an answer. Plaintiffs did not argue to the district judge that the scope of the answer was too prejudicial and never suggested any possible response that was less prejudicial. The district judge protected plaintiffs' substantial rights by excluding the eeoc's actual language and reminding the jury that the conclusion had been rescinded. In response to the jury's question, the judge reread the instruction and added that the only issue properly under consideration was "whether the jobs are equal" rather than why Kohl's and the union changed the pay scales in 1998. The evidence and the instructions as a whole ensured that the jury focused on, and answered, the right questions. Plaintiffs had a fair trial.

Affirmed